NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

FEB 05 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| JUAN PABLO ORQUIZA; MAXIMINO BUENAVENTURA, individually and on behalf of other persons similarly situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MICHAEL BELLO, <br><br> Defendant - Appellee. | No. 13-16364 <br><br> D.C. No. 2:11-cv-01374-JCM-CWH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted January 5, 2016
San Francisco, California

Before: **WALLACE**, **KOZINSKI** and **O'SCANNLAIN**, Circuit Judges.

Plaintiffs suggest that Bello was their "employer" for the purposes of the

Fair Labor Standards Act (FLSA) because he determined their method of payment

and had the power to hire and fire employees. We question whether Bello had the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

power to hire and fire. The district court's analysis of this question, which focused on whether Bello <u>actually</u> hired or fired, is inapt. But, even if Bello did have this power, our review of "the total employment situation and the economic realities of the work relationship" compels the conclusion that Bello was not the plaintiffs' employer. <u>Bonnette</u> v. <u>Cal. Health & Welfare Agency</u>, 704 F.2d 1465, 1470 (9th Cir. 1983); <u>see</u> 29 U.S.C. § 203; <u>Lambert</u> v. <u>Ackerley</u>, 180 F.3d 997, 1012 (9th Cir. 1999) (en banc). Bello's connection to the plaintiffs was too attenuated to establish an employer/employee relationship.

The motion of the Southern Nevada Labor Management Cooperation Committee et alius to become amici is **GRANTED**. The Clerk will file the brief.

**AFFIRMED.**